UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JACKIE L. MILLER,

    Plaintiff,

  v.

MICHAEL J. ASTRUE, Commissioner of
Social Security Administration,

    Defendant.

CASE NO.    C08-5402JKA

ORDER REMANDING
ADMINISTRATIVE DECISION

This matter has been referred and reassigned to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(c). This matter has been fully briefed. Plaintiff brings this action pursuant to 205(g) of the Social Security Act ("the Act"), as amended, 42 U.S.C. § 405(g), to obtain judicial review of the defendant's final decision. Plaintiff argues in her opening brief the following administrative errors:

(i) the administrative law judge ("ALJ") improperly rejected Dr. Makovski's opinion;

(ii) the ALJ improperly rejected Dr. van Dam's and Dr. Clifford's opinions;

(iii) the ALJ improperly found Plaintiff did not have a severe impairment of depression;

(iv) the ALJ improperly rejected the lay evidence of Brent Francisco, ARNP;

(v) the ALJ improperly rejected Plaintiff's testimony; and

(iv) the ALJ's improperly found Plaintiff could perform other work of electronic assembler and small product assembler.

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the

ORDER
Page - 1

proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

After carefully reviewing the record, the court finds and orders as follows:

(1) The ALJ erred when he considered plaintiff's mental impairments at step-two in the administrative review process. Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir.1988)(adopting SSR 85-28)(emphasis added).

Here, the ALJ erred when he did not consider Plaintiff's depression a severe impairment at step-two. Ms. Miller has a long history of treatment for depression. DDS, staff psychologists, Dr. van Dam and Dr. Clifford, opined Ms. Miller suffered from depressive disorder, recurrent, moderate; and dependent personality traits (Tr. 282-283). The doctors opined that Ms. Miller is moderately limited in her ability to understand and remember detailed instructions; moderately limited in her ability to carry out

detailed instructions; and moderately limited in her ability to complete a normal workday and workweek without interruptions from psychologically based symptoms and to perform at a consistent pace without an unreasonable number and length of rest periods (Tr. 286-287). Treatment records in evidence show she was being treated at the Center for Behavioral Solutions (CBS) from July 2003 through the time of hearing, for major depressive disorder (Tr. 145-255, 289-357). In addition, Ms. Miller's treating psychiatric nurse practitioner at CBS, Brent Francisco, ARNP, completed an assessment in July 2007 indicating Ms. Miller was limited in multiple mental functional abilities in the workplace (Tr. 358-359). Her treatment records show GAF scores in the 40's and 50's, with suicidal ideation, poor hygiene, pressured speech, agitated mood, anxious and tearful affect, inability to act to preserve state assisted support, and scattered thoughts and need of multiple re-directions (Tr. 152, 154, 245, 304).\

The evidence noted above satisfies the Plaintiff's burden of proving a severe impairment due to depression at step-two in the administrative process. Clearly, the medical evidence supports more than a minimal affect on Plaintiff's ability to do work, and the ALJ should have included depression as a severe impairment in the administrative analysis.

(2) Having found above that the ALJ erred when he evaluated plaintiff's mental impairments at step-two, the matter must be remanded to the administration to reconsider the issue and to appropriately complete the five-step evaluation process. Reconsideration, by a different ALJ, shall include a complete review and analysis of the medical opinion evidence (including, but not limited to, opinions from Dr. Makovski, Dr. van Dam, and Dr. Clifford, Brent Francisco, ARNP) and Plaintiff's testimony.

(3) Accordingly, the Court REMANDS the Social Security Administration's final decision for further consideration with the additional direction that it be assigned to different Administrative Law Judge.

The clerk is directed to send copies of this Order to counsel of record.

DATED this 2nd day of December, 2008.

*/s/ J. Kelley Arnold*
J. Kelley Arnold
U.S. Magistrate Judge